IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PHILLIP BOSTICK,                         *

Petitioner                               *

v                                        *      Civil Action No. JFM-11-995

MARYLAND PAROLE COMMISSION                *

Respondent                               *

**MEMORANDUM**

On April 25, 2011, Phillip Bostick filed a complaint which was construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Parole Commission's failure to hold a revocation hearing within sixty days of his return to custody pursuant to a parole retake warrant.[1] ECF No. 1. Respondent moves to dismiss the petition on the basis that Bostick has failed to exhaust his claim in state court and/or his claims have been procedurally defaulted. ECF No. 5.

**Background**

Bostick has filed three petitions for habeas corpus relief in state court concerning his detention on the retake warrant issued by the Parole Commission. ECF No. 5, Ex. 3-21. Bostick filed a petition in the Circuit Court for Baltimore City on April 4, 2011, Case Number 24-H-11-000111. His request for waiver of the filing fee was denied, the court found petitioner's claim frivolous, and the matter was dismissed on April 15, 2011. Bostick did not file an appeal. *Id.*, Exs. 7, 9, & 10. Bostick next filed a petition on April 18, 2011, in the Circuit Court for Anne Arundel County. *Id.*, Ex. 11 & 14. The petition remains open. Bostick then filed, on April 28,

---

[1] Regulations require a revocation to be held within 60 days or a reasonable time after the offender is returned to custody. *See* COMAR 12.08.01.22.F(2)(a). Neither of the parties indicate when Bostick returned to custody. He was released from the retake warrant on July 8, 2011.

1

2011, a second petition in the Circuit Court for Anne Arundel County. The petition was dismissed on July 13, 2011, due to Bostick's failure to comply with court rules. *Id.*, Ex. 19 & 21. Bostick did not appeal this ruling. *Id.*

**Analysis**

Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998); *see also Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law).

Assuming Bostick has presented a federal question here, his petition becomes subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before seeking federal habeas corpus relief, Bostick must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).

Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts must be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Bostick may seek relief directly from Maryland courts by petition for a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 703 A.2d 167, 175 (1997). He may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek *certiorari* in the Maryland Court of Appeals. *See generally* Stouffer v. Pearson, 887 A.2d 623 (2005); *Stouffer v. Staton*, 833 A.2d 33 (2003); *Jones v. Filbert*, 843 A.2d 908 (2004).

Bostick clarifies that he filed three separate habeas petitions in state court in an effort to simply have one heard and that he failed to appeal the dismissal of the two petitions because he had finally succeeded in having his claim considered when he paid the filing fee. He does not dispute that his petition remains pending in the Circuit Court. ECF No. 8.

If Bostick prevails in the above proceedings, the need for this court's involvement is obviated. This court may not entertain the issues presented in the petition while the Maryland courts have not had the opportunity to fully review the claims raised.

Bostick has no absolute entitlement to appeal a district court's denial of his habeas corpus request. *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless Petitioner can demonstrate both "(1) 'that jurists

3

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (*quoting Slack v. Daniel*, 529 U.S. 473, 484 (2000)).  Bostick has failed to demonstrate entitlement to a COA in the instant case.

**Conclusion**

Accordingly, based upon the foregoing reasons, the habeas corpus relief requested shall be denied without prejudice and dismissed as unexhausted.  A certificate of appealability shall not issue and the Clerk shall be directed to close this case.

  February 21, 2012                                             /s/                                         
Date                                                                                    J. Frederick Motz
                                                                                                United States District Judge